# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Rubeldi Alvarado, | ) Case No. 1:23-cv-960 |
| Plaintiff, | ) |
| v. | ) PLAINTIFF DEMANDS |
| | ) TRIAL BY JURY |
| Ardon Construction, LLC. and | ) |
| Fredy M. Ardon Garcia, | ) |
| Defendants. | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Rubeldi Alvarado ("Plaintiff"), by and through their attorney, James M. Dore, complain against Ardon Construction, LLC., ("Defendant" or "Ardon") and Fredy M. Ardon Garcia ("Defendant" or "Fredy"). Ardon and Fredy may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendant's failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Omaha, Nebraska; and he was employed by Ardon and Fredy.

3. Ardon is a business that is located, headquartered, and conducts business in Omaha, Nebraska.

4. Fredy is a person that is located, headquartered, and conducts business in Omaha, Nebraska. On information and belief, Fredy is a resident of Omaha, Nebraska.

5. Defendants are "an enterprise engaged in commerce or in the production of goods for

commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of Wisconsin because all underlying facts and transactions occurred in or about Calumet County, Wisconsin.

## Facts Common To All Claims

8. Ardon is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9. Fredy is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Ardon; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff began working at Defendants in or before 2017 through October 19, 2022

12. At all times, Plaintiff held the same position with Defendants, he was a foreman. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction labor such as roofing, siding, and

they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 70 hours per week.

14. Plaintiff was paid their wages on a(n) weekly basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16. Plaintiff's rate of pay was $900 per week or $12.85 per hour..

17. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $ $22,937.25 in unpaid wages; (ii) liquidated damages of $ $22,937.25; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Rubeldi Alvarado respectfully requests that the Court enter a judgment in their favor and against Defendants Ardon and Fredy, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $ $22,937.25;

B. An award liquidated damages in an amount equal to at least $ $22,937.25;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/ James M. Dore

**Justicia Laboral LLC**
**James M. Dore**
ARDC # 6296265
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**Plaintiff requests trial by jury for all counts where allowed**